

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-71,667-01 AND WR-71,667-03

**EX PARTE WAYNE DALE WAGNER, JR., Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
## CAUSE NOS. CR30704-A AND CR30704-C IN THE 385TH DISTRICT COURT FROM MIDLAND COUNTY

*Per curiam.*

## O R D E R

Applicant was convicted of aggravated sexual assault of a child and sentenced to life imprisonment. The Eleventh Court of Appeals affirmed his conviction. *Wagner v. State,* No. 11-06-00235-CR (Tex. App. — East land June 7, 2007) (not designated for publication). Applicant filed these applications for writs of habeas corpus in the county of conviction, and the district clerk forwarded them to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On March 25, 2009, this Court denied application number WR-71,667-01 based on the findings of the trial court without a hearing. On September 21, 2011, this Court dismissed application number WR-71,667-02 as a subsequent application barred by Article 11.07, Section 4 of the Texas Code of Criminal Procedure. On January 7, 2022, this Court received a third

application in the same trial court cause number alleging that Applicant was denied due process as the result of judicial and prosecutorial misconduct in the review of his initial habeas application in Midland County. It has been determined that former assistant district attorney Ralph Petty was paid by the district judges to work on Applicant's -01 application when Petty was employed at the same time as an appellate prosecutor by the Midland County District Attorney's office. That dual employment was not disclosed to this Court or Applicant at the time his -01 application was under consideration.

While it does not appear that Petty's dual employment affected the pre-trial, trial, or appellate proceedings in Applicant's case, the undisclosed employment relationship between the District Judge who presided over the initial habeas proceedings in this case and the prosecutor who simultaneously represented the State in the same proceeding leads us to conclude that Applicant was deprived of his due process rights to fair consideration of his claims in the first habeas application. Therefore, this Court now reconsiders on its own motion the denial without written order on the findings of the trial court of application number WR-71,667-01

However, after an independent review of the record in this case without consideration of the trial court's findings of fact and conclusions of law, this Court believes that Applicant's claims are without merit. Therefore, after reconsideration on the Court's own motion, relief is again denied in cause number WR-71,667-01.

Applicant's most recent application, cause number WR-75,609-03 is dismissed as moot.

Filed: March 2, 2022

Do not publish